UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| HERMAN J. JOHNSTON | ) | CASE NO. 05-40686 |
|           DEBTOR | ) | |
| | ) | |
| NATIONWIDE TOWER CO. | ) | CASE NO. 05-40689 |
|           DEBTOR | ) | |
| | ) | |
| NATIONWIDE TANK & TOWER, CO. | ) | CASE NO. 05-40688 |
|           DEBTOR | ) | |
| _____ | ) | |
| ROBERTA S. DUNLAP, TRUSTEE, for | ) | |
| HERMAN J. JOHNSTON, and | ) | AP NO. 06-4080 |
| | ) | |
| ROBERTA S. DUNLAP, TRUSTEE, for | ) | |
| NATIONWIDE TOWER COMPANY, and | ) | AP NO. 06-4081 |
| | ) | |
| ROBERTA S. DUNLAP, TRUSTEE, for | ) | |
| NATIONWIDE TANK & TOWER | ) | AP NO. 06-4082 |
| COMPANY, INC. | ) | |
|           PLAINTIFFS | ) | |
| vs. | ) | |
| | ) | |
| SENTRY FINANCE COMPANY, INC.; | ) | |
| FIRST TENNESSEE BANK, N.A.; and | ) | |
| INDEPENDENCE BANK | ) | |
| | ) | |
|           DEFENDANTS | ) | |
| _____ | ) | |

**MEMORANDUM**

The above-styled adversary proceedings come before the Court on the Stipulation and Agreed Judgments (the "Agreed Judgments") filed in each of the adversary proceedings by Roberta Dunlap, the Chapter 7 Trustee for the three above-styled Chapter 7 cases (the "Trustee"), and First Tennessee Bank National Association ("First Tennessee"). In the Agreed Judgments, the Trustee and First Tennessee ask this Court to approve the settlement agreement reached between these two

parties. Independence Bank, one of the other parties to this action, was not included in the settlement and objects to the proposed settlement.

## BACKGROUND

The debtors filed voluntary Chapter 7 bankruptcy petitions with this Court on April 4, 2005. The Trustee was appointed on that same date. On July 24, 2006, the Trustee filed a Declaratory Judgment Action to determine the validity, priority and extent of liens asserted by First Tennessee and Independence Bank on the net sales proceeds ($283,440.39) from the sale of the assets of Sentry Finance, an entity wholly owned by the debtor Herman Johnston. The Trustee alleged that First Tennessee asserted a superior interest in the proceeds by virtue of its security interest in the assets of the debtor Nationwide Tank and Tower Company. She also alleged that Independence Bank asserted a superior interest in the proceeds by virtue of its security interest in the assets of the debtor Nationwide Tower Company. Finally, she asserted that information existed indicating the proceeds were unencumbered and, thus, property of the Herman Johnston bankruptcy estate.

In connection with the prosecution of the above-styled adversary proceedings, the Trustee obtained and reviewed numerous documents relating to obligations owing by/to Sentry Finance to/from the defendants, First Tennessee and Independence Bank. Based upon the Trustee's discovery, she concluded that the Sentry Finance proceeds were not unencumbered and that they constituted collateral for the obligation owing to First Tennessee rather than collateral for the obligation owing to Independence Bank. With this conclusion, the Trustee and First Tennessee entered into these Agreed Judgments, whereby they agreed to divide the proceeds as follows: First Tennessee would receive $240,000.00 and the Trustee would retain the balance of the proceeds for distribution to the unsecured creditors of the Herman Johnston bankruptcy estate. As stated above,

Independence Bank was not included in this settlement and opposed the settlement.

## CONCLUSIONS OF LAW

In her Memorandum of Law in Support of Stipulation and Agreed Judgment, the Trustee set forth her legal analysis explaining how she came to the conclusion that the proceeds are part of First Tennessee's collateral. She did not, however, set forth any legal basis for using an agreed judgment that excludes a party as the appropriate procedural vehicle to resolve these disputes. Nor did she explain the constitutional implications of adjudicating the rights of Independence Bank through a settlement to which Independence Bank is not a party. At the hearing on the Stipulation and Agreed Judgment, counsel for First Tennessee made an extensive argument reciting the contested facts which it believes supports the Trustee's conclusion as to who holds the superior security interest in these funds. Independence Bank, in both its objection and the hearing, argues that the facts are not conclusive in favor of First Tennessee, but rather support its contention that it holds the superior interest in the funds, and generally disputes the propriety of resolving this dispute through a Stipulation and Agreed Judgment that does not include all the parties to the action. First Tennessee, in its response to the objection of Independence Bank, argues that the Court has the authority to approve a trustee's settlement over an objecting creditor. While it is certainly beyond question that the Court may indeed approve a compromise over an "objecting creditor," Independence Bank is not merely an "objecting creditor," but rather is an actual party to the lawsuit. Any argument that the situation is analogous is simply disingenuous.

Never in this Court's experience has it encountered a situation like the one presented in these cases. These adversaries began as a three-party dispute as to certain proceeds. After discovery, two of the parties have now agreed that the third party has no claim. The Trustee states that she has

3

decided that these proceeds correctly fall under First Tennessee's security interest. With all due respect to the Trustee, it is not her job to "decide" lawsuits. Adjudicating the rights of the parties in a lawsuit is exclusively the province of a court. The Court can understand that both the Trustee and First Tennessee want to avoid the cost of a trial, but this is not the correct way to achieve that goal. While it is true that parties are always free and, indeed, encouraged to resolve disputes through compromise and settlement, two parties may not "settle" the interest of a third non-agreeing party. Such a process improperly usurps the role of the court. At this stage of the proceedings, and considering the complexity of the case, a trial is the only fair and equitable method of resolving the disputes between these parties, short of a settlement between *all* the parties. Fortunately, considering that most, if not all, of the discovery has been completed, these cases are ready for trial, or should be within a relatively short period of time. The Court has entered an Order this same date in accordance with the holding of this Memorandum.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| HERMAN J. JOHNSTON | ) | CASE NO. 05-40686 |
|           DEBTOR | ) | |
| | ) | |
| NATIONWIDE TOWER CO. | ) | CASE NO. 05-40689 |
|           DEBTOR | ) | |
| | ) | |
| NATIONWIDE TANK & TOWER, CO. | ) | CASE NO. 05-40688 |
|           DEBTOR | ) | |
| _____ | ) | |
| ROBERTA S. DUNLAP, TRUSTEE, for | ) | |
| HERMAN J. JOHNSTON, and | ) | AP NO. 06-4080 |
| | ) | |
| ROBERTA S. DUNLAP, TRUSTEE, for | ) | |
| NATIONWIDE TOWER COMPANY, and | ) | AP NO. 06-4081 |
| | ) | |
| ROBERTA S. DUNLAP, TRUSTEE, for | ) | |
| NATIONWIDE TANK & TOWER | ) | AP NO. 06-4082 |
| COMPANY, INC. | ) | |
|           PLAINTIFFS | ) | |
| vs. | ) | |
| | ) | |
| SENTRY FINANCE COMPANY, INC.; | ) | |
| FIRST TENNESSEE BANK, N.A.; and | ) | |
| INDEPENDENCE BANK | ) | |
| | ) | |
|           DEFENDANTS | ) | |
| _____ | ) | |

**ORDER**

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference,

It is hereby **ORDERED** the Stipulations and Agreed Judgments are not approved.

It is further **ORDERED** a status hearing be held on January 16, 2008 at 9:00 a.m. (Central Time) at Owensboro Courthouse, U.S. Courthouse, 423 Frederica Street, Owensboro, Kentucky 42301 in order to set a trial date.